IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SC BOTANICALS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1698-JLH |
| | ) |
| INTRAGENIX HOLDINGS, LLC, REM | ) |
| TECHNOLOGIES LLC, TODD LEWIS, | ) |
| MICHAEL WIGRIZER, and AARON SIMON | ) |
| PITMAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Samuel T. Hirzel, II, Aaron M. Nelson, HEYMAN ENERIO GATTUSO & HIRZEL LLP, Wilmington, Delaware.

Christopher W. Patton, Andres Correa, John S. Adams, Leo Park, LYNN PINKER HURST & SCHWEGMANN, LLP, Dallas, Texas.

 Attorneys for Plaintiff.

John D. Simmons, PANITCH SCHWARZE BELISARIO & NADEL LLP, Wilmington, Delaware.

Robert A. McKinley, David S. Hollander, LAULETTA BIRNBAUM, LLC, Sewell, New Jersey.

 Attorneys for Defendants.

May 27, 2021
Wilmington, Delaware

**JENNIFER L. HALL, U.S. MAGISTRATE JUDGE**

As announced at the hearing on April 16, 2021, the Court GRANTS Individual Defendants' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The Court's ruling was announced from the bench as follows:

> This is the Court's ruling on the Individual Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). (D.I. 33.) I will not be issuing a separate opinion, but we will put on the docket a written [version] that incorporates by reference a transcript of my oral ruling today.
>
> I want to emphasize before I start that, while I'm not issuing a separate opinion, we have followed a full process for making the decision that I'm about to state. There was full briefing on this motion, and those papers and the accompanying declarations have been carefully considered.
>
> For the reasons I will discuss, Individual Defendants' motion to dismiss for lack of personal jurisdiction will be granted.
>
> Plaintiff SC Botanicals filed this action on December 14, 2020, against Intragenix Holdings, LLC, REM Technologies LLC, and Individual Defendants Todd Lewis, Michael Wigrizer, and Aaron Simon Pitman. (D.I. 1.) SC Botanicals is a CBD oil extraction and THC remediation company with its principal place of business in South Carolina. (*Id.* ¶¶ 5, 14.)
>
> Defendants Intragenix and REM are Delaware limited liability companies with their principal places of business in Kentucky. (*Id.* ¶¶ 6-7.)
>
> The Complaint alleges that Defendant Lewis is "a member and chief executive officer" of Intragenix and REM. (*Id.* ¶ 8.) The uncontroverted evidence before the Court reflects that he is a resident of Pennsylvania. (D.I. 34, Ex. A.)
>
> The Complaint alleges that Defendant Wigrizer is "a member of Intragenix" and "an agent of and/or affiliated with REM Technologies and participates actively and materially in the management of both Intragenix and REM Technologies." (D.I. 1 ¶ 9.) The uncontroverted evidence before the Court reflects that he is a resident of Pennsylvania. (D.I. 34, Ex. B.)

The Complaint alleges that Defendant Pitman is "a member of Intragenix and an employee of Intragenix and REM Technologies, and he participates actively and materially in their management." (D.I. 1 ¶ 10.) The uncontroverted evidence before the Court reflects that he is a resident of Ohio. (D.I. 34, Ex. C.)

In October 2019, Plaintiff and Intragenix entered into a "License Agreement" pursuant to which the latter was provided access to Plaintiff's secret process for remediating tetrahydrocannabinol (THC) from winterized hemp oil. (D.I. 1 ¶ 24, Ex. B.) Under the License Agreement, Intragenix agreed to pay Plaintiff $200,000 and a 2% royalty on gross oil sales. In exchange, Plaintiff was to build and install a remediation machine at Intragenix's facility in Kentucky.

The License Agreement contains a forum selection clause. It states as follows:

> Any action, suit, or other proceeding arising out of or related to this Agreement, the licenses granted hereunder, or the validity or enforceability or scope of any claim must be instituted exclusively in the federal courts of the United States or the courts of the State of Delaware, and each Party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action, or proceeding. . . .

(*Id.* § 11.8.2.)

The preamble to the License Agreement states that it is between SC Botanicals, LLC and Intragenix Holdings, LLC. The agreement contains signature blocks only for Intragenix and SC Botanicals, and Defendant Lewis signed on behalf of Intragenix.

Also in October 2019, SC Botanicals and Intragenix executed a document styled, "Nondisclosure Agreement Regarding Proprietary and Licensed Material" ("Nondisclosure Agreement"). (D.I. 1, Ex. C.) It has a number of a paragraphs, but the gist is that Intragenix was required to keep Plaintiff's information confidential and use it only for the purposes contemplated by the parties' License Agreement. The Nondisclosure Agreement preamble states that it is between SC Botanicals, LLC and Intragenix Holdings, LLC. (*Id.*) Like the License Agreement, it contains signature blocks only for Intragenix and SC Botanicals, and Defendant Lewis signed on behalf of Intragenix. The Nondisclosure Agreement also contains a Delaware forum selection clause.

Plaintiff's Complaint alleges that Intragenix and Individual Defendants gained access to certain of Plaintiff's confidential information pursuant to the License Agreement and then improperly used that information to build their own competing THC remediation machine, in violation of the License Agreement and the Nondisclosure Agreement. (D.I. 1 ¶¶ 26-29.) The Complaint further alleges that Intragenix and Individual Defendants formed Defendant REM, a Delaware LLC, for the purpose of selling those competing machines. (*Id.*)

The Complaint alleges seven counts. Count I is for breach of contract, and it alleges that Intragenix breached the License and Nondisclosure Agreements. (*Id.* ¶¶ 36-41.) Count II is styled "Tortious Interference with Contract," and it alleges that REM caused Intragenix to breach its contracts with Plaintiff. (*Id.* ¶¶ 42-48.) Count III is styled "Misappropriation of Trade Secrets Under Delaware Law." It alleges that Intragenix, REM, and Individual Defendants' acquisition and use of Plaintiff's confidential information violated the Delaware Uniform Trade Secrets Act, [6 Del. C. §§ 2001-2009]. (*Id.* ¶¶ 49-54.) Count IV alleges that Defendants' misappropriation of Plaintiff's trade secrets also violated the federal Defend Trade Secrets Act, [18 U.S.C. §§ 1836, 1839]. (*Id.* ¶¶ 55-61.) Count V is styled "Fraud and Fraudulent Inducement." That count alleges that Defendants (except REM) made material misrepresentations and omissions in order to gain access to Plaintiff's trade secrets. (*Id.* ¶¶ 62-67.) Count VI is styled "Conversion," and it alleges, essentially, that REM converted Plaintiff's trade secrets. (*Id.* ¶¶ 68-72.) Count VII is styled "Conspiracy," and it alleges that Defendants "conspired and agreed to violate Plaintiff's statutory and common law rights." (*Id.* ¶¶ 73-75.)

I am not going to read into the record the standard that applies to a motion to dismiss for lack of personal jurisdiction. I have a legal standard that I have used in an opinion in *Truinject Corp. v. Nestle Skin Health, S.A.*, No. 19-592-LPS-JLH, 2019 WL 6828984 (D. Del. Dec. 13, 2019), and I incorporate that discussion by reference.[1] That opinion also summarizes the law governing

---

[1] *See id.* at *7. A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Although Rule 8 does not require a plaintiff to set forth in the complaint "the grounds upon which the court has personal jurisdiction over the defendant," *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995), "once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287,

4

general and specific jurisdiction, including how the presence of a forum selection clause alters the analysis. I also incorporate that discussion by reference.[2]

---

1302 (3d Cir. 1996). But if the district court does not hold an evidentiary hearing, the court should resolve any factual disputes in the plaintiff's favor and should deny the motion if the plaintiff's evidence establishes "a prima facie case of personal jurisdiction." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010).

[2] *See id.* at *8. To exercise personal jurisdiction over a defendant, a court generally must answer two questions: one statutory and one constitutional. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998); *Acorda Therapeutics, Inc. v. Mylan Pharm. Inc.*, 78 F. Supp. 3d 572, 580 (D. Del. 2015), *aff'd,* 817 F.3d 755 (Fed. Cir. 2016). The statutory inquiry requires the court to determine whether jurisdiction over the defendant is appropriate under the long arm statute of the state in which the court is located. *IMO Industries*, 155 F.3d at 259.

The constitutional inquiry asks whether exercising jurisdiction over the defendant comports with the Due Process Clause of the U.S. Constitution. *Id.* Due Process is satisfied where the court finds the existence of "certain minimum contacts" between the defendant and the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A defendant's "contacts" with the forum state can give rise to "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017); *see also Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). A court has general jurisdiction over a corporate defendant when its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). If the court has general jurisdiction over a corporate defendant, it may hear any claim against it, even if the claim arose outside the state. *Goodyear*, 564 U.S. at 919; *Provident Nat. Bank*, 819 F.2d at 437. A court has specific jurisdiction over a defendant in a particular suit "when the suit 'aris[es] out of or relate[s] to the defendant's contacts with the forum." *Goodyear*, 564 U.S. at 923-24 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)); *see also Remick*, 238 F.3d at 255.

But the requirement that a court have personal jurisdiction is a "waivable right," and a defendant may consent to the jurisdiction of the court. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."). A defendant is deemed to have consented to personal jurisdiction in a particular jurisdiction when the parties have stipulated in advance that their controversies should be resolved in that jurisdiction, such as in a forum selection clause of a contract. *See Burger King*, 471 U.S. at 472 n.14; *see also Hardwire, LLC v. Zero Int'l, Inc.*, No. 14-54-LPS-CJB, 2014 WL 5144610, at *6 (D. Del. Oct. 14, 2014); *Eastman Chem. Co. v. AlphaPet Inc.*, No. 09-971-LPS, 2011 WL 6004079, at *4 (D. Del. Nov. 4, 2011) (quoting *Hadley v. Shaffer*, No. 99-144-JJF, 2003 WL 21960406 (D. Del. Aug. 12,

Plaintiff first contends that Individual Defendants are bound by the License Agreement's forum selection clause. I disagree. Under Delaware law, usually only a party to an agreement is bound by it.[3] Delaware courts, however, will nevertheless find non-signatories bound by forum selection clauses in certain, specific circumstances. Those courts consider the following: "(1) is the forum selection clause valid, (2) is the non-signatory a third-party beneficiary of the agreement or closely related to the agreement, and (3) does the claim at hand arise from the non-signatory's status related to the agreement?"[4]

In this case, Plaintiff contends that Individual Defendants are "closely related to [the License A]greement" such that it is "foreseeable that they would be bound" by it. (D.I. 42 at 10.) However, as I have previously remarked, [*see Truinject*, 2019 WL 6828984 at *11], I have real questions about using the "closely related" test to bind a non-signatory to a contract with a forum selection clause.[5]

Regardless, the "closely related" test is not satisfied here. And I again refer the parties to my discussion of the law in the *Truinject* case.[6] While Plaintiff argues that it is foreseeable that

---

2003)); *Neurvana Med., LLC v. Balt USA, LLC*, No. 2019-0034-KSJM, 2019 WL 4464268, at *3 (Del. Ch. Sept. 18, 2019), *reargument denied,* No. 2019-0034-KSJM, 2019 WL 5092894 (Del. Ch. Oct. 10, 2019). If a defendant has agreed to a forum selection clause, there is no requirement for the court to undertake a separate due process "minimum contacts" analysis. *Solae, LLC v. Hershey Canada, Inc.*, 557 F. Supp. 2d 452, 456 (D. Del. 2008); *see also Burger King*, 471 U.S. at 472 n.14 (enforcement of "freely negotiated" forum selection clause does not offend due process).

[3] *Eastman Chemical*, 2011 WL 6004079, at *4; *McWane, Inc. v. Lanier*, No. 9488-VCP, 2015 WL 399582, at *7 (Del. Ch. Jan. 20, 2015); *Neurvana*, 2019 WL 4464268, at *6.

[4] *Carlyle Inv. Mgmt LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015); *see also Hadley*, 2003 WL 21960406, at *4.

[5] *See id.* (discussing constitutionality of using the "closely related" test to exercise personal jurisdiction over a non-signatory to a contract with a forum selection clause).

[6] *See id.*, 2019 WL 6828984, at *12-13. Although older state and federal cases suggested that a non-signatory might be considered "closely related" and therefore bound by a forum selection clause if the non-signatory either received a "direct benefit" from the agreement or it was "foreseeable" that it would be bound by the agreement, more recent cases clarify that courts will generally not bind a non-signatory defendant to a forum selection clause based solely on a theory of foreseeability. Recently, the Third Circuit held that "[f]oreseeability is a prerequisite to applying the closely related parties doctrine" rather than a separate test that can individually satisfy

6

Individual Defendants would be bound by the forum selection clause, this is not a situation in which a non-signatory defendant seeks to enforce a forum selection clause against a signatory plaintiff, nor is it a situation where a controlling company that is a signatory seeks to use controlled non-signatories to manipulate an end run around the forum selection provision. Thus, even if it were foreseeable that Individual Defendants would be bound by the forum selection clause (which I do not need to decide), that would be insufficient to permit the Court to assume jurisdiction over them.[7] Accordingly, the forum selection clause contained in the License Agreement is not applicable to Individual Defendants.

To the extent Plaintiff contends that Individual Defendants' prior agreement to consent to dismissal of an earlier action filed by Plaintiff in the District of South Carolina action amounted to a consent to jurisdiction in Delaware, I disagree. Plaintiff did not make that argument in the Argument section of its brief. Moreover, the record before the Court and, in particular, the redline of the agreement submitted as Exhibit A to D.I. 67 (McKinley Declaration) clearly demonstrates that Individual Defendants did not consent to jurisdiction here.

Plaintiff next argues that jurisdiction is proper under subsections (c)(1), (c)(3), and (c)(4) of the Delaware Long Arm statute, 10 Del. C. § 3104(c). The Delaware Long Arm Statute provides that:

> a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
> …
> (3) Causes tortious injury in the State by an act or omission in this State; [or]

---

the closely related doctrine. *See In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 64 (3d Cir. 2018). And Delaware state courts have cautioned against applying the foreseeability inquiry as a standalone basis for satisfying the closely related test except in two scenarios: (1) where a non-signatory defendant seeks to enforce a forum selection clause against a signatory plaintiff and (2) where a controlling company that is a signatory seeks to use controlled non-signatories to manipulate an "end-run" around the forum selection provision. *See Neurvana*, 2019 WL 4464268, at *5-6.

[7] *See id.*

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

….

10 Del. C. § 3104

I'll start with § 3104(c)(1). Individual Defendants have not transacted business in Delaware within the meaning of § 3104(c)(1). The uncontroverted evidence of record demonstrates that none of Individual Defendants, or even Intragenix or REM, has transacted any business in Delaware or performed any character of work or service here.

The only possible connection that Individual Defendants have to Delaware is that they are alleged to have been involved in the formation of Defendant REM, a Delaware LLC, after Plaintiff shared its confidential information; Plaintiff suggests that Individual Defendants formed REM for the purpose of profiting off the use of Plaintiff's confidential information. But ownership of a corporation that is incorporated in Delaware—and thus subject to Delaware's extensive corporate laws—"does not, without more, amount to the transaction of business under [subsection (c)(1) of] Delaware's Long Arm Statute."[8]

Moreover, merely participating in the formation of a Delaware entity, without more, does not create a basis for jurisdiction in Delaware. Instead, the formation must be "an integral component of the total transaction to which plaintiff[']s cause of action relates."[9] In E*ndowment Research Group v. Wildcat Venture*

---

[8] *AeroGlobal Cap. Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 439 (Del. 2005); *CLP Toxicology, Inc. v. Casla Bio Holdings LLC*, No. 2018-0783-PRW, 2020 WL 3564622, at *14 (Del. Ch. June 29, 2020).

[9] *Connecticut Gen. Life Ins. Co. v. Pinkas*, No. 5724-VCN, 2011 WL 5222796, at *2 (Del. Ch. Oct. 28, 2011) (quoting *Shamrock Holdings of Cal., Inc. v. Arenson,* 421 F. Supp. 2d 800, 804 (D. Del. 2006)); *see also Endowment Rsch. Grp., LLC v. Wildcat Venture Partners, LLC*, No. 2019-0627-KSJM, 2021 WL 841049, at *4 (Del. Ch. Mar. 5, 2021) ("Ownership of a Delaware subsidiary can, however, fall within Section 3104(c)(1) if 'the underlying cause of action arises from the creation and operation of the Delaware subsidiary.'" (quoting *AeroGlobal Cap. Mgmt., LLC*, 871 A.2d at 439)).

8

*Partners*, a very recent case from the Delaware Court of Chancery, the court held that an individual defendant's formation and ownership of a Delaware entity for the purpose of capitalizing on confidential information obtained by another entity under an NDA does not amount to transacting business in Delaware within the meaning of § 3104(c)(1).[10] That is the same situation here.

This case is distinguishable from the *Papendick* line of cases cited by Plaintiff under which the single act of incorporation may be sufficient to confer jurisdiction if done as part of an alleged wrongful scheme.[11] Unlike those cases, the cause of action here does not arise from the creation or operation of REM Technologies. That makes this case more like *Endowment Research Group*.

The *Dow Chemical* case is also distinguishable.[12] In that case, the plaintiff articulated specific facts in support of its position that a defendant created a Delaware subsidiary with the express purpose of furthering its scheme, and that the formation of a U.S. subsidiary was necessary to effectuate the sales of the stolen trade secrets. *Id.* at *9. There are no such allegations here.

In sum, § 3104(c)(1) of the Delaware Long Arm statute does not provide a basis for asserting personal jurisdiction over Individual Defendants.

Moving on to § 3104(c)(3), I agree with Defendants that it does not provide a basis for exercising jurisdiction over them. A court "may exercise personal jurisdiction over an out-of-state defendant under Section 3104(c)(3) 'if the plaintiff demonstrates that the non-resident defendant has caused a tortious injury in Delaware *and* such injury was due to an act or omission by the defendant in Delaware.'"[13] In other words, "[j]urisdiction under § 3104(c)(3) requires two elements—the alleged improper act must

---

[10] 2021 WL 841049, at *5.

[11] *See Papendick v. Bosch*, 410 A.2d 148 (Del. 1978); *Connecticut Gen. Life Ins. Co.*, 2011 WL 5222796, at *2.

[12] *Dow Chem. Co. v. Organik Kimya Holding A.S.*, No. 12090-VCG, 2017 WL 4711931, at *6 (Del. Ch. Oct. 19, 2017).

[13] *Rotblut v. Terrapinn, Inc.*, No. N15C-12-024 AML, 2016 WL 5539884, at *5 (Del. Super. Ct. Sept. 30, 2016) (quoting *Hartsel v. Vanguard Grp., Inc.*, No. CIV.A. 5394-VCP, 2011 WL 2421003, at *9 (Del. Ch. June 15, 2011), *aff'd*, 38 A.3d 1254 (Del. 2012)).

occur in Delaware and the resulting tortious injury must be in Delaware."[14]

Again, Individual Defendants here did not take any acts or make any omissions in Delaware. There are also no allegations of any injury in Delaware. SC Botanicals is a South Carolina company and both Intragenix and REM Technologies have their principal place of business in Kentucky. There are no allegations and more importantly no evidence in the record suggesting that SC Botanicals suffered any lost sales in Delaware or that it otherwise suffered any injury here at all.[15] Section 3104(c)(3) does not provide a basis for jurisdiction.

Finally, I turn to § 3104(c)(4). That subsection is generally referred to as a general jurisdiction provision. The record currently before the Court does not demonstrate sufficient and continuous contacts to support such general jurisdiction over Individual Defendants. Indeed, Plaintiff acknowledges that the current record does not support exercising jurisdiction under [Section] 3104(c)(4). Accordingly, § 3104(c)(4) does not provide a basis for jurisdiction.

Plaintiff next suggests that the Court can exercise jurisdiction over Individual Defendants pursuant [to the] conspiracy theory. The conspiracy theory of jurisdiction "is based on the legal principle that one conspirator's acts are attributable to the other conspirators."[16] The conspiracy theory of jurisdiction, in essence, says that the presence of personal jurisdiction over one conspirator—based on his acts in or on the injury he caused in Delaware—may result in the Court having jurisdiction over co-conspirators who would not otherwise be amenable to jurisdiction in Delaware. The theory essentially imputes the actions of one conspirator to his co-conspirators.[17]

---

[14] *Mimm v. Vanguard Dealer Servs., LLC*, No. 11-736 GMS, 2012 WL 4963315, at *3 (D. Del. Oct. 16, 2012).

[15] And I note again that the uncontroverted declaration of Defendant Lewis supports a finding that the corporate defendants—through which Individual Defendants are alleged to have acted—do not transact any business or perform any services in Delaware.

[16] *Matthew v. Fläkt Woods Grp. SA*, 56 A.3d 1023, 1027 (Del. 2012) (holding that the defendant was subject to personal jurisdiction under § 3104(c)(1) because its alleged co-conspirators transacted business in Delaware).

[17] "The 'conspiracy theory' is not an independent jurisdictional basis." *Dow Chemical*, 2017 WL 4711931, at *11 (quoting *Crescent/Mach I Partners, L.P. v. Turner*, 846 A.2d 963, 976

There are at least two problems with applying the conspiracy theory of jurisdiction here. First, there is no act that is alleged to have occurred in Delaware or that had an effect in Delaware.

Second, Delaware courts have held that claims that a corporation conspired with individual defendants who are officers and agents of the corporation are generally deficient because a corporation generally cannot be deemed to have conspired with its officers and agents for purposes of establishing jurisdiction under the conspiracy theory.[18] The conspiracy theory does not provide a basis for jurisdiction.

Next Plaintiff suggests that the court can exercise jurisdiction under 6 Del. C. § 18-109. But that statute, by its terms, only applies to actions "involving or relating to the business of the limited liability company." 6 Del. C. § 18-109. And Delaware courts hold that an action "involves or relates" to the business of an LLC if:

> (1) the allegations against [the manager] focus centrally on his rights, duties and obligations as a manager of a Delaware LLC; (2) the resolution of this matter is inextricably bound up in Delaware law; and (3) Delaware has a strong interest in providing a forum for disputes relating to the ability of managers of an LLC formed under its law to properly discharge their respective managerial functions.[19]

And the Court of Chancery has recognized that extending the application of this statute to any situation involving or relating to the LLC's business more broadly could be unconstitutional.[20] The claims alleged by Plaintiff against Individual Defendants do not arise in relation to the corporate governance or internal affairs of a

---

(Del. Ch. 2000)). "Instead, it is 'a shorthand reference to an analytical framework where a defendant's conduct that either occurred or had a substantial effect in Delaware is attributed to a defendant who would not otherwise be amenable to jurisdiction in Delaware.'" *Id.* (quoting *Computer People, Inc. v. Best Int'l Grp., Inc.*, 1999 WL 288119, at *5 (Del. Ch. Apr. 27, 1999).

[18] *Hartsel*, 2011 WL 2421003, at *10.

[19] *Endowment Research Group*, 2021 WL 841049, at *5 (quoting *Vichi v. Koninklijke Phillips Elecs. N.V.*, No. 2578-VCP, 2009 WL 4345724, at *8 (Del. Ch. Dec. 1, 2009)).

[20] *See Hartsel*, 2011 WL 2421003, at *9.

limited liability company.[21] Accordingly, 6 Del. C. § 18-109 does not provide a basis for jurisdiction.

Having found no statutory basis for personal jurisdiction, I do not need to consider whether the exercise of jurisdiction comports with due process.

Plaintiff requests the opportunity to conduct jurisdictional discovery. Although there is a presumption in favor of jurisdictional discovery, it should not be ordered as a matter of course.[22] Rather, "jurisdictional discovery is only appropriate '[i]f a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite contacts between [the party] and the forum state.'"[23]

If it does not, the court should not permit jurisdictional discovery to proceed.[24] That is because to grant such a request "would be to allow plaintiff to 'undertake a fishing expedition . . . under the guise of jurisdictional discovery.'"[25]

In this case, Plaintiff has failed to present any factual allegation suggesting with reasonable particularity the possible existence of a sufficient connection between any of Individual Defendants and Delaware. Accordingly, Plaintiff's request is for jurisdictional discovery is denied.

---

[21] *See Endowment Research Group*, 2021 WL 841049, at *5 (declining to exercise personal jurisdiction under the implied consent statute because the claim brought was for fraud and was "not a corporate governance or internal affairs claim that would ordinarily fall within the scope of Section 18-109"); *see also CLP Toxicology, Inc.*, 2020 WL 3564622, at *10.

[22] *See E.I. DuPont de Nemours and Co. v. Heraeus Holding GmbH*, No. 11-773-SLR, 2012 WL 4511258, at *11 (D. Del. Sept. 28, 2012).

[23] *Registered Agents, Ltd. v. Registered Agent, Inc.*, 880 F. Supp. 2d 541, 548 (D. Del. 2012) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).

[24] *E.I. DuPont de Nemours and Co.*, 2012 WL 4511258, at *11.

[25] *Registered Agents*, 880 F. Supp. 2d at 548 (quoting *Eurofins Pharma U.S. Holdings*, 623 F.3d at 157).